*Jones v. JP Morgan Chase & Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September , two thousand twenty-five.

Present:

> DENNY CHIN,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

———————————————————————

SHARIFF AHMAD JONES,

*Plaintiff-Appellant,*

v.                                                                                          25-86-cv

JP MORGAN CHASE & CO.,
JP MORGAN CHASE BANK N.A.,
SUSAN BUZZARD,

*Defendants-Appellees.*\*

———————————————————————

| | |
|---|---|
| *For Plaintiff-Appellant*: | Peter C. Lomtevas, Schenectady, NY. |
| *For Defendants-Appellees*: | Stephanie Schuster, Morgan, Lewis & Bockius LLP, Washington, DC (Melissa C. Rodriguez, Hanna |

———————————————

\* The Clerk of Court is respectfully directed to amend the caption as reflected above.

Martin, Morgan, Lewis & Bockius LLP, New York, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Shariff Ahmad Jones appeals from a judgment entered on December 30, 2024, by the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *District Judge*) dismissing his complaint as time-barred under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jones brought this action in New York State Supreme Court, Onondaga County, on July 4, 2023, asserting one count of race discrimination in contracting against Defendants-Appellees JP Morgan Chase & Co., JP Morgan Chase Bank N.A. (together, "Chase Bank"), and Susan Buzzard (collectively, the "Defendants"), pursuant to 42 U.S.C. § 1981. Jones's complaint stems from a July 2013 incident in which Buzzard—then a Chase Bank employee in Syracuse, New York—reported Jones to the police for purportedly attempting to deposit a fraudulent traveler's check. Buzzard's report and subsequent testimony led to Jones being convicted in state court for possession of a forged instrument and attempted petty larceny, for which he served more than five years in prison before those convictions were overturned on appeal based on the determination that the trial court had erroneously admitted hearsay evidence. *See People v. Jones*, 158 A.D.3d 1103, 1104, 70 N.Y.S.3d 669, 670 (4th Dep't 2018). After his conviction was overturned, Jones was retried and acquitted of the charges on July 24, 2019.

On October 7, 2019, Jones filed a civil action for wrongful conviction and false imprisonment against the State of New York. On May 4, 2023, that matter settled before the

2

commencement of trial. After the settlement and nearly four years after his acquittal, Jones brought this personal injury action. Defendants timely removed the action to federal court and then successfully moved to dismiss Jones's complaint as time-barred by New York's three-year statute of limitations for personal injury claims. On appeal, Jones challenges the district court's ruling that his § 1981 claim is time-barred. We assume the parties' familiarity with the case.

"We review *de novo* a district court's grant of a motion to dismiss [under Rule 12(b)(6)], including legal conclusions concerning the court's interpretation and application of a statute of limitations." *Castagna v. Luceno*, 744 F.3d 254, 256 (2d Cir. 2014).[1] Generally, "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove," but "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

The first question we must address is which statute of limitations period applies to Jones's § 1981 claim. The Civil Rights Act of 1991 "enlarged the category of conduct that is subject to § 1981 liability," *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 303 (1994), and claims arising under the expanded version of that statute are uniformly governed by a federal four-year statute of limitations, *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (citing 28 U.S.C. § 1658). By contrast, all other § 1981 claims, which arise under the pre-amendment version of the statute, are subject to the state-law limitations period that governs the most analogous state cause of action. *Id.* at 377–78. In New York, that is the three-year limitations period that applies to personal-injury claims set forth in N.Y. C.P.L.R. § 214(5). *See Curto v. Edmundson*, 392 F.3d

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

502, 504 (2d Cir. 2004). So, we must determine whether Jones's claim would have been cognizable under the pre-amended version of § 1981, or whether it was made possible only by the 1991 amendment.

We conclude that Jones's claim would have been cognizable under the pre-amended version of § 1981, and so his claim is subject to New York's three-year statute of limitations. In *Patterson v. McLean Credit Union*, the Supreme Court recognized that the pre-amended version of § 1981 "prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms." 491 U.S. 164, 176–77 (1989). The holding in *Patterson*—that § 1981 "does not apply to conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract obligations," *id.* at 171—is what Congress addressed in its 1991 amendment by "adding § 1981(b), which defines 'make and enforce' to bring postformation conduct . . . within the scope of § 1981," *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 477 (2006). Jones's complaint expressly disavowed the existence of a contractual relationship with Chase Bank. *See* Appellant's App'x at 10 ¶ 22 (alleging that he "was not a Chase Bank account holder"); *see id.* at 10 ¶ 23 ("Mr. Jones may have opened a Chase account had the cheque been genuine."). We therefore concur with the district court's finding that "no contract was ever formed between Plaintiff and Defendants" and that Jones's allegations relate wholly to the possibility of his forming a contract with Chase Bank by opening an account, had his attempt to verify his check been successful. *Id.* at 425. Because, at best, Jones's allegations concern his attempt to *make* a contract with Chase Bank, his legal claim was cognizable under the pre-amended version of § 1981, meaning it is subject to New York's

4

three-year statute of limitations.[2]

Applying that three-year statute of limitations here, it is evident from the face of Jones's complaint that his claim is time-barred. Jones alleges four moments when his § 1981 claim could have accrued, all of which occurred before July 4, 2020—that is, three years from when Jones filed this action and before which any alleged conduct is time-barred. Those moments include: (1) Jones's first interaction with Buzzard at a Chase Bank branch in July 2013; (2) Buzzard's testimony at Jones's first criminal trial on September 16, 2014; (3) Jones's conviction for possession of a forged instrument in the second degree and attempted petty larceny on September 17, 2014; and, following the vacatur of that conviction, (4) Buzzard's testimony at Jones's retrial on July 23, 2019. We need not determine which of these incidents started the accrual clock for Jones's discovery of his discrimination claim because they all fall outside the applicable three-year statute of limitations. Moreover, we reject Jones's assertion that his claim could have accrued on May 8, 2023. Although Buzzard was noticed to appear and give testimony in Jones's civil action against the State of New York on that day, the case was settled before any trial and, thus, before any testimony by Buzzard. Jones cannot stake his § 1981 claim on a date when nothing happened.

Jones's invocation of the discovery rule exception does not save his § 1981 claim. Although "state law supplies the statute of limitations period, federal law determines when a federal claim accrues." *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998). We have said that under the federal "discovery" rule, a cause of action accrues "when the plaintiff knows

---

[2] In his briefing to the Court, Jones contends, for the first time, that when he encountered Buzzard at Chase Bank in July 2013, he formed a contract with her in which he would "give Buzzard the fake check and have Buzzard dispose of it," implying that his § 1981 claim should be governed by the four-year statute of limitations. Appellant's Br. at 24. We decline to consider that argument, as "[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006).

5

or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). As mentioned above, the final date on which Jones alleges any personal injury to him was July 23, 2019, the day of Buzzard's testimony at his retrial, meaning that, no later than that date, Jones knew or had reason to know of the touchstone injury that formed the basis of his complaint.

Finally, as to equitable tolling, Jones makes only a passing reference to its applicability here, asking this Court to rule that unspecified "extraordinary circumstances" should excuse his lawsuit's untimeliness. Appellant's Br. at 32. Because that argument is made in "a perfunctory manner, unaccompanied by any effort at developed argumentation, it must be deemed . . . *forfeited*." *In re Demetriades*, 58 F.4th 37, 54 (2d Cir. 2023).

\* \* \*

We have considered Jones's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court